IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Robert Lee Foster, | ) | |
| | ) | Civil Action No. 9:17-945-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Tyger River | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Robert Lee Foster is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Petitioner's petition be summarily dismissed as successive and without requiring Respondent to file a return . (ECF No. 10).[1] Petitioner was advised of his right to file objections to the Report. (ECF No. 10 at 7). Petitioner filed objections (ECF No. 12).

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

In this Petition, Petitioner challenges his 2008 criminal conviction in Spartanburg County, South Carolina. As the magistrate judge noted, Petitioner has previously filed a § 2254 habeas petition in regard to this conviction, *Foster v. Reynolds*, No. 9:14-3853-TMC-BM (D.S.C. filed Oct. 2, 2014), and he has not received authorization to file a successive petition from the Fourth Circuit Court of Appeals. Therefore, as the magistrate judge determined, this court has no jurisdiction to consider the instant § 2254 Petition. *See In re Williams*, 444 F.3d at 236-37 ( 4th Cir. 2006); *United States v. Winestock*, 340 F.3d at 205 ( 4th Cir. 2003). Reviewing Petitioner's objections, Petitioner has not addressed the court's lack of jurisdiction. Accordingly, the court dismisses Petitioner's habeas claims which challenge the validity of his 2008 conviction and sentence.

In his Report, the magistrate judge also noted that Petitioner may be attempting to raise an issue regarding the calculation of his sentence. (Report at 5 n.6). The magistrate judge determined that, even if Petitioner was trying to raise such a claim, that claim should be dismissed as Petitioner failed to assert in his Petition that he had exhausted his administrative remedies. *Id.*[2] The magistrate judge is correct that claims regarding Petitioner's sentence are governed by the Prison Litigation Reform Act ("PLRA"), if construed as an action brought pursuant to 42 U.S.C. § 1983; and Petitioner is required to exhaust administrative remedies prior to bringing a § 1983 action. *See* 42 U.S.C. § 1997e(a). However, he is not required to affirmatively show exhaustion in his complaint. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Failure to exhaust is an affirmative defense that must be raised by the defendant. *Id.* And a district court, at the pleadings stage, may not dismiss a claim based on the plaintiff's failure to affirmatively show exhaustion, even when the court has first allowed the plaintiff to address the issue. *See Custis v. Davis*, 851 F.3d 358, 361-62

---

[2]The court notes that the report refers to ECF No. 17. (Report at 5 n.6). This reference is clearly a typographical error, and the citation should be to ECF No. 4.

(4th Cir. 2017).; *Wilcox v. Brown*, 877 F.3d 161 (4th Cir. 2017). "Nevertheless, despite the fact that failure-to-exhaust is an affirmative defense, a prisoner's complaint may be dismissed for non-exhaustion 'in the rare case where failure to exhaust is apparent from the face of the complaint.'" *Wilson*, 877 F.3d at 167 (*citing Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005)).[3]

It is not apparent from the face of the Petition, particularly when construed in the light most favorable to Petitioner, whether Petitioner has failed to exhaust his administrative remedies or whether he exhausted all administrative remedies available to him. Accordingly, the court remands this action to the magistrate judge for further handling of this claim.

After a thorough review, the court adopts the Report (ECF No. 10) in part. Therefore, the habeas claims challenging the validity of his 2008 conviction and sentence are **DISMISSED** without prejudice and without requiring Respondent to file a return. However, Petitioner's claims regarding the alleged miscalculation of his sentence are remanded to the magistrate judge for further handling.

---

[3]Petitioner's claim could also be construed liberally as an action under 28 U.S.C. § 2241. Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, No. 0:08-607-RBH, 2008 WL 2845636, *1 (D.S.C. July 18, 2008). The Fourth Circuit has recognized that the circuits are split on whether § 2241 or § 2254 is the proper statute under which a state inmate challenging the execution of his state court sentence should proceed. *See Gregory v. Coleman*, 218 Fed. App'x 266 (4th Cir.2007) (unpublished). The Fourth Circuit, however, has not definitively resolved the split for this circuit.

In any event, if the claim is construed as a § 2241 habeas claim, exhaustion is still required. Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *McClung v. Shearin*, 90 Fed. App'x 444, 445 (4th Cir. 2004) (holding that "[f]ederal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 17, 2018
Anderson, South Carolina