IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Robert Lee Foster, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 9:17-945-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Warden of Tyger River Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding *pro se*, brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. On January 17, 2018, this court dismissed Petitioner's habeas claim to the extent that Petitioner was challenging the validity of his 2008 conviction and sentence[1] and allowed the case to proceed on a limited basis challenging the calculation of Petitioner's sentence. (ECF No. 16). On March 6, 2018, Respondent filed a motion for summary judgment. (ECF No. 25). Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 36), recommending that the court grant Respondent's motion for summary judgment. Petitioner was advised of his right to file objections to the Report. (ECF No. 36 at 7). Petitioner filed objections to the Report on June 21, 2018. (ECF No. 38). On July 5 and 12, 2018, Respondent filed supplements to his objections. (ECF Nos. 39 and 40).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–

---

[1] Petitioner previously filed a § 2254 habeas petition challenging his conviction. *Foster v. Reynolds*, No. 9:14-3853-TMC-BM (D.S.C. Oct. 2, 2014). Because Petitioner has not received authorization to file a successive petition from the Fourth Circuit Court of Appeals, this court lacked jurisdiction to consider that part of the petition. *See United States v. Winestock,* 340 F.3d at 205 (4th Cir. 2003).

71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The magistrate judge's Report describes the procedural history and background of this action. (ECF No. 36 at 1-3). Briefly, Petitioner is serving a twenty-year sentence for possession with intent to distribute crack cocaine, third or subsequent offense, under S.C. Code § 44-53-375(B)(3), (ECF No. 25-2), with a projected max-out date of September 28, 2024, (ECF No. 25-3). He argues in his habeas petition that the South Carolina Department of Corrections ("SCDC") incorrectly calculated his max-out date and incorrectly classified him as a no-parole, 85% offender. (ECF No. 1 at 14). Respondent filed a motion for summary judgment arguing (1) that Petitioner failed to exhaust his state court remedies and (2) that the SCDC correctly calculated Petitioner's sentence. (ECF No. 25). In his Report, the magistrate judge finds that Petitioner fails to allege or show that he satisfied the jurisdictional requirement for federal habeas corpus actions by first exhausting state remedies. (ECF No. 36 at 4-6). Further, the magistrate judge finds that the only records before the court show that, while Petitioner did file internal grievances with the SCDC and appeal to the Administrative Law Court ("ALC"), he failed to appeal to the South Carolina Court of Appeals and therefore his petition warrants dismissal for failure to exhaust appropriate state remedies.[2] *Id*. at 5-6.

---

[2] The magistrate judge does not address Respondent's second argument for summary judgment but rather finds that dismissal is warranted based on Respondent's exhaustion argument.

In the objections and supplements filed by Petitioner (ECF Nos. 38, 39 and 40), Petitioner fails to address the dispositive portion of the magistrate judge's Report. Petitioner fails to assert or show that he properly exhausted the available state court remedies. Rather, Petitioner's objections largely restate arguments that have been previously ruled on from his petition (ECF No. 1) and response to Respondent's motion for summary judgment (ECF No. 28). (ECF No. 38 at 1-6).[3]

Liberally construing Petitioner's objections, the sole argument relating to the ALC or exhaustion requirement that the court can glean is Petitioner's statement that he raised his argument with the ALC about serving an invalid sentence, and the ALC stated in its order that it did not have the jurisdiction or authority to correct the error. (ECF No. 38 at 5). Respondent attached Petitioner's grievance file to Respondent's motion for summary judgment, including the ALC's order ruling on Petitioner's grievance. (ECF No. 25-4). In its order, the ALC stated that it would not consider Petitioner's argument with respect to "alleged errors made by the courts below as to his convictions and sentences," because "[t]hose are direct appeal or PCR matters over which this Court has no jurisdiction." (ECF No. 25-4 at 25). However, the ALC addressed Petitioner's arguments regarding the SCDC's classification of Petitioner as an 85% offender and proceeded to find that "even had [Petitioner] made a legally adequate argument, the Court would still have found no error in the Department's calculation of his sentence and max-out date in this matter," and then explained its analysis. *Id*. at 28. The court finds nothing in the ALC's order to address or remedy Petitioner's failure to exhaust his remaining state remedies after the ALC filed its order on December 20, 2017. *Id*. at 29-30.

---

[3] To the extent that Petitioner mentions actual innocence, the court has previously addressed this assertion and Petitioner has not provided any further argument in support of such an assertion. (C.A. No. 9:14-cv-3853-TMC, ECF Nos. 42 at 17-18 and 71 at 4). Moreover, such a claim is a challenge to Petitioner's conviction and, as noted above, this court lacks jurisdiction to consider such a claim without authorization. *See supra* note 1.

Petitioner also cites to the United States Supreme Court opinion *Jones v. Bock*, for the rule that an inmate is not required to specially plead or demonstrate exhaustion of administrative remedies in his civil rights complaint. 549 U.S. 199, 212-217 (2007). *Jones* provides that failure to exhaust is an affirmative defense that must be raised by the defendant. *Id*. at 216. However, this court addressed *Jones* in its prior order in this case when it dismissed Petitioner's habeas claims challenging the validity of his 2008 conviction, but remanded to the magistrate judge Petitioner's claims regarding the alleged miscalculation of his sentence because exhaustion had not been raised as an affirmative defense at that time and exhaustion was not apparent from the face of the petition. (ECF No. 16). Respondent then filed its motion for summary judgment arguing that Petitioner failed to exhaust his state remedies. (ECF Nos. 25-1 at 4-5 and 36 at 3). The court agrees with the magistrate judge's conclusion that the instant petition should now be dismissed due to Petitioner's failure to demonstrate or allege that he properly exhausted his state remedies before filing this action. Based on the foregoing, Petitioner's objections lack merit and are overruled.

After a careful and thorough review of the Report and the record under the appropriate standards, the court adopts the magistrate judge's Report (ECF No. 36) and incorporates it herein. Accordingly, Respondent's motion for summary judgment (ECF No. 25) is **GRANTED** and Petitioner's habeas petition is **DISMISSED** without prejudice.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336

(2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

August 17, 2018
Anderson, South Carolina